15-3150
Rabin et al. v. Dow Jones & Co., Inc. et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

<span style="font-variant: small-caps;">Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.</span>

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

I. STEPHEN RABIN,
<u>Plaintiff-Appellant</u>,

RAYMOND A. BRAGAR
<u>Interested Party-Appellant</u>,

-v.-                                        15-3150

DOW JONES & COMPANY, INC.,
<u>Defendant-Appellee</u>,

THE NEW YORK TIMES COMPANY, FORBES INC.,
<u>Defendants</u>.

- - - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANTS:**      ALEXANDRA A.E. SHAPIRO (Chetan A. Patil, on the brief), Shapiro Arato LLP, New York, NY.

**FOR APPELLEE:**      HILARY PRESTON (Clifford L. Thau, Joshua S. Johnson, on the brief), Vinson & Elkins LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff I. Stephen Rabin, a lawyer, and Raymond A. Bragar, Rabin's attorney in this action, appeal from the judgment of the United States District Court for the Southern District of New York (Rakoff, J.) granting a motion for sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent powers. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Plaintiff-appellant Rabin and appellant Bragar are, by their own characterization, experienced class-action lawyers, and Bragar represented Rabin in the underlying litigation. Together they filed a putative class action against The New York Times Company, Forbes, Inc., and appellee Dow Jones & Company, Inc., alleging participation in a fraudulent subscription-renewal scheme. It is undisputed that the scheme was orchestrated by a third party (not sued by Rabin), which sent official-looking but unauthorized "renewal" notices to the subscribers of various publications, charging them inflated prices to renew their subscriptions and keeping the excess after passing the actual renewal cost along to the publishers.

The defendants moved to dismiss, arguing, among other things, that plaintiff had sued the wrong parties. In response, Bragar and Rabin filed an amended complaint largely reasserting the same claims. After the New York Times and Forbes settled, Dow Jones renewed its motion, and the district court dismissed the amended complaint with prejudice. Dow Jones moved for sanctions against Bragar and Rabin in the amount of its costs

and fees in defending against the dismissed claims. The district court found their conduct sanctionable only from the time of the filing of the amended complaint, ultimately holding them liable to Dow Jones for $180,000. Bragar and Rabin appeal from that judgment, arguing principally that the district court applied the wrong legal standard for finding the amended complaint not colorable and erred in finding that they pursued their claims in bad faith.

"We review all aspects of a District Court's decision to impose sanctions for abuse of discretion." Schlaifer Nance & Co. v. Estate of Warhol, 194 F. 3d 323, 333 (2d Cir. 1999). "[W]e bear in mind that when the district court is . . . fact finder and sentencing judge all in one, our review is more exacting than under the ordinary abuse-of-discretion standard," and we require that "[a] finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F. 3d 110, 113-14 (2d Cir. 2009) (citations and quotation marks omitted). The imposition of sanctions is an abuse of discretion if it is "based on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or "it cannot be located within the range of permissible decisions." Id. at 113 (quotation marks omitted).

The district court articulated and applied the correct legal standard. To impose sanctions under 28 U.S.C. § 1927 or under its inherent power, a district court must find "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." Wolters Kluwer, 564 F. 3d at 114; see Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986) (likening the requirements under 28 U.S.C. § 1927 to the inherent power requirements). As the district court recognized, see S.P.A. 4, "a claim is colorable when it has some legal and factual support," and it "lacks a colorable basis when it is utterly devoid of a legal or factual basis." Schlaifer, 194 F. 3d at 337 (quotation marks omitted).

The district court found that plaintiff pleaded no facts to support the conclusory allegation of defendant's liability for a third-party's fraud; and that even if the defendant had

3

an affirmative duty to act when it became aware of the fraud (which appellants now aver was a good-faith argument to extend the law), plaintiff's own amended complaint establishes that defendant *did* act to warn its customers. The district court therefore concluded that the claims had no objectively reasonable basis and that the first requirement for the imposition of sanctions was satisfied. We find no error in that conclusion.

The district court's finding of bad faith is supported by detailed factual findings. Specifically, the court found that Rabin admitted in his deposition that "at least two" fraud allegations, which were pleaded in the original complaint and left uncorrected in the amended complaint, were "overstatement[s]," S.P.A. 5-6; that Bragar became aware of evidence showing Dow Jones's efforts to fight the fraud (efforts inconsistent with the complaint's allegations of complicity) and that he failed to conduct a good-faith investigation into that evidence or to adjust the pleadings; that Bragar and Rabin sought to suppress the truth by withholding relevant evidence, such as the fact that prior to filing the amended complaint, Rabin had received refunds of amounts he pleaded as damages in that complaint; and that, when confronted with evidence of dishonesty in his deposition, Rabin dubiously claimed a bad memory. The district court's assessment of the evidence is not clearly erroneous and its finding of bad faith is within the bounds of its permissible discretion.

Accordingly, and finding no merit in appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4